UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON STEPHEN SZYDLEK,

        Petitioner,

                      CASE NO. 2:12-cv-14670

v.                      HONORABLE LAWRENCE P. ZATKOFF

CINDI CURTIN,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Jason Stephen Szydlek, a state prisoner confined at the Oaks Correctional Facility in Manistee, Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner was convicted by an Oakland County Circuit Court jury of unarmed robbery, unlawful imprisonment, and assault with intent to do great bodily harm less than murder. The trial court sentenced Petitioner as a habitual offender, third offense, to 10 to 30 years imprisonment for each conviction, to be served concurrently. Petitioner alleges that he is entitled to habeas relief because of ineffective assistance of trial counsel, prosecutorial misconduct, the cumulative effect of errors, and ineffective assistance of appellate counsel. Having reviewed the petition, the Court concludes that Petitioner has not properly exhausted his state court remedies with regard to his fourth claim for habeas relief, and dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II. PROCEDURAL HISTORY

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals. In that appeal, he raised the first three claims in his current habeas petition. The Michigan Court of Appeals denied relief on that claim and affirmed Petitioner's convictions. *People v. Szydlek*, No. 294567, 2011 WL 1564609 (Mich. Ct. App. Apr. 26, 2011) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Szydlek*, No. 143248, 490 Mich. 892 (Oct. 24, 2011). The Michigan Supreme Court considered but denied reconsideration on April 23, 2012. *People v. Szydlek*, No. 143248, 491 Mich. 912 (Apr. 23, 2013).[1]

Petitioner signed the instant habeas petition on October 17, 2012, and it was filed by the Court on October 23, 2012.

## III. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts.

---

[1] Petitioner has currently pending with the Michigan Court of Appeals an application for leave to appeal a trial court order denying his motion to vacate earlier orders to remit prisoner funds. This order does not involve Petitioner's habeas claims and is not relevant to the question of whether Petitioner has exhausted his habeas claims.

*McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues, not merely issues arising under state law. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Morse v. Trippett*, 37 F. App'x 96, 103 (6th Cir. 2002). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has not met his burden of demonstrating exhaustion of state court remedies with regard to his fourth habeas claim. He acknowledges that he did not present his fourth habeas issues to the Michigan Court of Appeals in his direct appeal. The petition states that Petitioner first presented his fourth claim for habeas relief in a *pro per* application for leave to appeal with the Michigan Supreme Court. Presentation of a claim to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement, however, because exhaustion requires presentation to both the Court of Appeals and the Supreme Court. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011) (submission of claim in motion for leave to appeal to Michigan Supreme Court insufficient to exhaust habeas claim). Petitioner has thus failed to properly exhaust one of his four habeas claims in the state courts before proceeding on federal habeas review.

It appears that petitioner also attempted to include his fourth habeas claim in a motion for reconsideration to the Michigan Court of Appeals, which motion for reconsideration was rejected by the clerk of that court as untimely. Even if the motion for reconsideration had been accepted, this would not change the result, because a claim has not been fairly presented when it is presented for the first time in a procedural context which makes consideration on its merits unlikely. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The Petitioner's presentation of new issues in a motion for

reconsideration before the Court of Appeals was procedurally inappropriate, and highly unlikely to result in a review of his claim on the merits. *See People v. Smith*, No. 174367, 1997 WL 33343896, at * 2 (Mich. Ct. App. Oct. 31, 1997) (holding that a motion for rehearing or reconsideration ordinarily may not be used to raise new issues). Therefore, the claim is not properly exhausted. *See Paredes v. Johnson*, 230 F.3d 1359, 2000 WL 1206544, *1-2 (6th Cir. Aug.18, 2000) (issues raised for the first time in a motion for rehearing with the Michigan Court of Appeals are unexhausted for purposes of federal habeas review).

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Trest v. Cain*, 522 U.S. 87, 89 (1997) (basis for exhaustion doctrine is comity). For example, exhaustion may be excused if pursuit of a state court remedy would be futile, *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance, however, is available only in "limited circumstances," *id.* at 277, such as when the one-

year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*.

The one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner. The one-year limitations period does not begin to run until the conclusion of direct appeal, or the expiration of time for seeking review. *See* 28 U.S.C. § 2244(D)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009) (direct review becomes "final" for purposes of 28 U.S.C.§ 2244(d)(1)(A) when the availability of direct appeal to the state courts and the United States Supreme Court has come to an end). Petitioner's direct appeal concluded when the Michigan Supreme Court denied reconsideration on April 23, 2012. *See McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003) (direct review concluded when Michigan Supreme Court denied reconsideration). He did not file a petition for certiorari review by the United States Supreme Court, so the one-year limitation period did not begin to run until the time for filing such a petition has expired, which would be 90 days after the Michigan Supreme Court's April 23, 2012 order, or Monday, July 23, 2012. The one-year period will also be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002); *but see Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (statutory tolling only applies to applications for state post-conviction relief that are properly filed under state law). Given that the one-year limitations period has run less than four months, Petitioner has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so. A stay is unnecessary.

Petitioner has also not shown good cause for failing to exhaust his claims in the state courts before proceeding in federal court on habeas review. Although he states that he did not raise his ineffective assistance of appellate counsel claim before the Michigan Court of Appeals because it was not ripe at the time, he has not explained why he has not presented the claim to the state courts on collateral review. Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and pursue his unexhausted issues in the state appellate courts as necessary. His unexhausted claim concerns matters of federal law which should be addressed to, and considered by, the state courts in the first instance.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner has not exhausted his state court remedies as to his fourth habeas claim. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Should Petitioner wish to delete the unexhausted claim and proceed only on the fully exhausted claims, he may move to re-open this case and amend his petition to proceed on the exhausted claims within 30 days of the filing date of this order. The Court makes no determination as to the merits of his claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find

it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED.**

                                               S/Lawrence P. Zatkoff
                                               LAWRENCE P. ZATKOFF
                                               UNITED STATES DISTRICT JUDGE

Dated: December 10, 2012