UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON STEPHEN SZYDLEK,

        Petitioner,

                              CASE NO. 2:12-cv-14670
v.                           HONORABLE LAWRENCE P. ZATKOFF

CINDI CURTIN,

        Respondent.
_____/

**OPINION AND ORDER DENYING**
**PETITIONER'S MOTION FOR A TEMPORARY**
**RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

This is a habeas case brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner Jason Stephen Szydlek is serving a term of imprisonment for unarmed robbery, unlawful imprisonment, and assault with intent to do great bodily harm less than murder. This matter comes before the Court on Petitioner's motion for a temporary restraining order and preliminary injunction requiring prison officials to grant him additional access to facilities and equipment to litigate his habeas petition and to prevent the State of Michigan (the "State") from collecting money to reimburse Oakland County for expenses for his appointed trial and appellate attorneys. Because Petitioner has not established that he is entitled to injunctive relief, his motion will be denied.

Petitioner filed a petition for writ of habeas corpus with this Court in October, 2012. The Court reviewed the petition, concluded that Petitioner has not properly exhausted his state court remedies with regard to his fourth claim for habeas relief, and dismissed without prejudice the petition for a writ of habeas corpus. Petitioner was moved from the Muskegon Correctional Facility to the Central Michigan Correctional Facility on August 15, 2013. On August 16, 2013, the Court granted Petitioner's motion to delete his fourth claim for habeas relief, reopened the action, and ordered Respondent to file an answer to the petition by February 21, 2014. On September 25, 2013, Petitioner was again transferred, from the Central Michigan Correctional Facility to the Ojibway Correctional Facility. He asserts that he was informed that the transfer was at the behest of the Central Michigan Correctional Facility librarian.

Petitioner moves *ex parte* for a temporary restraining order and preliminary injunction against Respondent, arguing that Respondent is impeding his ability to litigate the petition. Petitioner argues that he is limited to six hours per week of library access despite repeated written and oral requests for more time for research. Petitioner argues that the Central Michigan Correctional Facility is poorly equipped with typewriters and has inoperative desktop computers. He asserts that typewriters with text storage and memory capabilities are no longer available for purchase by

prisoners. He also asserts that his requests for copying are being improperly denied by the Central Michigan prison librarian. Petitioner seeks a temporary restraining order and preliminary injunction (1) removing a state imposed requirement that he pay $4745.57 to reimburse Oakland County's expenses for his court-appointed attorneys; (2) eliminating law library access restrictions, and (3) requiring prison officials to furnish him with the necessary equipment and devices to produce documentation and court pleadings.

In evaluating whether a litigant is entitled to a preliminary injunction, a court must consider (1) the likelihood of success on the merits; (2) whether the person seeking the injunction would suffer irreparable injury without the injunction; (3) whether an injunction would cause irreparable harm to others; and (4) whether an injunction would serve the public interest. *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012). The party seeking the injunction has the burden of showing he is entitled to such relief. *Id.* (*citing Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 441 (1974)). Upon review of the record, the Court finds that Petitioner has failed to meet his burden of establishing entitlement to a preliminary injunction.

First, Petitioner fails to establish that he is likely to succeed on the merits of his claim that prison officials are denying him access to the courts. The federal constitution guarantees prison inmates the right of access to the courts. *Bounds v.*

*Smith*, 430 U.S. 817, 828 (1977). This requires prison authorities to provide prisoners with adequate law libraries or adequate assistance from persons trained in law. *Id.* However, in order to demonstrate a violation of this right, a prisoner may not merely show that his law library or legal assistance is "subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, a prisoner must show "actual injury" to his access to the courts, defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.*, 518 U.S. at 348 (internal quotation marks omitted). Petitioner has not shown actual or imminent injury sufficient to justify injunctive relief. He was not prevented from meeting a filing deadline or presenting a claim in this habeas action. He has already filed his petition and successfully moved to delete his unexhausted claim and proceed on his exhausted claims. Furthermore, he presents no authority for the proposition that Oakland County is not entitled to seek reimbursement for the costs of his trial and appellate attorneys or that such reimbursement violates his right of access to the courts. Petitioner therefore fails to show a likelihood of success on the merits.

Nor has Petitioner demonstrated the second element of entitlement to preliminary injunctive relief, that he would suffer irreparable injury if the Court does not issue the requested injunction. Petitioners' reply in this action is not due until

forty-five days after the State has filed its response; the State's response is not due until February 21, 2014. Petitioner concedes that when a prisoner has a deadline within thirty days, prison policy permits additional library time over the six hours per week generally available. Finally, since the filing of his motion, Petitioner has been transferred to the Ojibway Correctional Facility, and has offered no factual allegations suggesting that his access to the courts have been additionally impeded by his current facility assignment, aside from his assertion that he had not been in the prison library in the day following his transfer. For these reasons, Petitioner fails to demonstrate that he would suffer irreparable injury absent the injunction.

It is also likely that an injunction would harm Respondent. Petitioner asks the Court to enter an injunction directing Respondent to permit Petitioner access greater than the limitations Respondent determines is appropriate. Further, such limitations have previously been upheld as sufficient on their face to permit inmates access to the courts. *See Walker v. Mintzes*, 771 F.3d 920, 931-32 (6th Cir. 1985) (prison policies limiting inmates to as little as one hour per week in law library not unconstitutional absent evidence that particular prisoners were impeded in pursuing specific legal claims). The Supreme Court has advised federal courts to defer to state officials in their determination that prison regulations and policies are reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987)

(deferring to prison officials in making difficult judgments on intractable problems of prison administration). Petitioner challenges prison library conditions that are generally applicable to all prisoners at the Central Michigan Correctional Facility and in some respects throughout the Michigan Department of Corrections. Any injunction requiring officials to treat Petitioner differently than other similarly situated prisoners will have an impact on the officials' ability to administer the prisons. For this same reason, the public interest would not be served by an injunction.

**WHEREFORE;**

Petitioner's "Motion for an Ex Parte Temporary Restraining Order and Permanent Injunctive Relief" [Dkt. 17] is **DENIED**.

**IT IS SO ORDERED.**

>S/Lawrence P. Zatkoff
>HON. LAWRENCE P. ZATKOFF
>UNITED STATES DISTRICT JUDGE

Dated: October 22, 2013