UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON SZYDLEK,

        Petitioner,         Case No. 12-cv-14670
                                        Hon. Matthew F. Leitman
v.

SHAWN BREWER,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (ECF #51)

On January 4, 2016, this Court denied Petitioner Jason Szydlek's Petition for a Writ of Habeas Corpus and denied him a Certificate of Appealability (the "Order"). (*See* ECF #49.) Petitioner has now filed a "Motion for Relief from a Judgment or Order" (the "Motion"). (*See* ECF #51.) Petitioner has filed the Motion pursuant to Rule 60 of the Federal Rules of Civil Procedure, but he does not identify the subsection of that rule under which he seeks relief. Petitioner's basic argument is that the Court committed several errors when it denied him relief in the Order. Thus, the Motion is perhaps more properly regarded as one for reconsideration. But no matter how the Motion is characterized, it must be denied because it does not demonstrate that the Court erred in Petitioner denying relief.

1

The Motion primarily focuses on the Court's holding that the Michigan Court of Appeals did not unreasonably reject Petitioner's claims of ineffective assistance of counsel based upon (1) his trial counsel's alleged conflict of interest; (2) his trial counsel's alleged failure to investigate the complaining witness's alleged criminal history; and (3) his trial counsel's failure to call a man named Steven Conkle as an alibi witness. The Court explained that the Michigan Court of Appeals rejected these claims because they were not supported by sufficient evidence, and the Court determined that this holding by the state appellate court was not unreasonable. (*See* Order, ECF #49 at 14-19, Pg. ID 2290-95.) The Court further concluded that the state appellate court did not act unreasonably when it declined to remand Petitioner's appeal for an evidentiary hearing on his ineffective assistance of counsel claims. (*Id.*) The Court determined that the state appellate court could have reasonably concluded that Petitioner did not present a sufficient offer of proof to warrant an evidentiary hearing. (*Id.*) The Court also suggested in the Order that Petitioner did not sufficiently request a remand for an evidentiary hearing. (*Id.*)

In the Motion, Petitioner argues that he did request a remand for an evidentiary hearing (in the *pro se* supplemental brief he filed with the Michigan Court of Appeals) and that he did properly support that request with the required offer of proof. Upon review of the Motion, the Court agrees with Petitioner that he

2

did seek a remand (*see, e.g.*, Supp. Br., ECF #24-9 at 185-86, Pg. ID 1186-87), but the Court stands by its previous ruling that the state appellate court did not unreasonably deny a remand. Petitioner contends that he satisfied his offer-of-proof obligations by including in his supplemental brief a number of "interrogatories" (his word) – *questions* that he wished to ask his trial attorney during an evidentiary hearing. (Motion, ECF #51 at 5, Pg. ID 2325.) The Court cannot conclude that the state appellate court acted unreasonably when it found that these "interrogatories" and the discussion accompanying them did not amount to a sufficiently concrete offer of proof to warrant a remand. *See* Michigan Court Rule 7.211(C)(1) (requiring a request for a remand to be supported by an offer of proof).

 Petitioner places special emphasis the state appellate court's refusal to remand for an evidentiary hearing on his claim that his trial counsel had a conflict of interest. The supposed conflict arose from counsel's purported employment as a part-time prosecutor by a local municipality in a state district court. (*See Supp. Br.*, ECF #24-9 at 184-85, Pg. ID 1185-86.) But as the Court explained in the Order, counsel's claimed employment by that municipality was not a conflict. (*See* Order, ECF #49 at 18, Pg. ID 2294.) That municipality was not involved in any way in the prosecution of Petitioner. He was prosecuted by the State of Michigan (which was represented by the Oakland County Prosecutor) in a state circuit court.

*Petitioner's trial counsel simply was not in any way connected to the party that prosecuted Petitioner.* Under these circumstances, an evidentiary hearing could not have established a conflict of interest based on counsel's employment by the municipality, and the state appellate court did not unreasonably deny Petitioner such a hearing.

In addition, Petitioner argues at length in the Motion that the prosecutor committed serious misconduct that deprived him (Petitioner) of due process. (*See* Motion, ECF #51 at 12-16, Pg. ID 2332-36.) The Court addressed Petitioner's prosecutorial misconduct claims in the Order, and Petitioner has not identified any error in the Court's analysis. He simply repeats and elaborates on his earlier arguments. They remain insufficient to warrant habeas relief. (*Id.*)

Finally, Petitioner argues in the Motion that he is entitled to relief because the state trial court did not administer to the jury the precise oath prescribed under Michigan law. (*Id.* at 22-24, Pg. ID 2342-44.) The Court addressed Petitioner's jury-oath claim in the Order and explained that the alleged error could not support habeas relief because (1) it concerned a matter of state law and (2) the oath given was not inconsistent with clearly established federal law. (*See* Order, ECF #49 at 37-38, Pg. ID 2313-14.) Petitioner has not shown any error in the Court's ruling. Again, he simply re-states and elaborates upon his previous arguments.

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from Judgment (ECF #51) is **DENIED**.

        s/Matthew F. Leitman
        MATTHEW F. LEITMAN
        UNITED STATES DISTRICT JUDGE

Dated:  March 10, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 10, 2016, by electronic means and/or ordinary mail.

        s/Holly A. Monda
        Case Manager
        (313) 234-5113